

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-407-CV**

---

SHERRICK D. RINGER                                                          APPELLANT

V.

MYRON E. KIMBALL                                                          APPELLEES
AND LAYNE HARWELL

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

Appellant Sherrick D. Ringer asserts in this appeal that the trial court abused its discretion in dismissing his lawsuit against Appellees Myron E. Kimball and Layne Harwell for want of prosecution. We affirm.

### Background

Ringer is incarcerated. On September 13, 2006, he sued appellees, his former attorneys, for breach of contract and breach of fiduciary duty. Almost

a year later, on August 7, 2007, the trial court informed the parties by letter that the case was set for trial on November 5, 2007, and that a pretrial hearing would be conducted on October 25, 2007. The letter stated that "[a]ll parties will be expected to appear at the pretrial or the case will be dismissed for want of prosecution."

On October 18, 2007, more than two months later, and shortly before the pretrial hearing, Ringer filed a "Motion for Bench Warrant or in the Alternative Motion for Hearing by Video Conference Call." The motion contains the following assertions and requests for relief:

> [Ringer is] presently incarcerated . . . in Amarillo, Texas [and] is unable to personally appear before the Court and give testimony in this case and respectfully request[s] the Court to issue a Warrant from the Bench ordering the Sheriff[s] of Potter and Tarrant Counties, to transport me to this Court for the "Pretrial hearing set by this Court to be had October 25, 2007 at 9:00 a.m. and Trial to be had on November 5, 2007."
>
> In the alternative, I ask the Court to hold a hearing by video conference with me.

There is no further argument in the motion, and the motion does not request any other relief should the trial court determine that Ringer is not entitled to appear in person or by video conference.

The record contains no express ruling by the trial court on the motion. It is apparent from the record, however, that the trial court implicitly overruled

2

Ringer's bench warrant motion and alternative request for hearing by video conference, as the trial court dismissed the case for want of prosecution on October 25, the date of the pretrial hearing, after giving notice that a party's failure to appear at the hearing would result in dismissal.[1]

## Standard of Review

A trial court has authority to dismiss a case for want of prosecution under either rule 165a of the Texas Rules of Civil Procedure or the court's inherent power to maintain and control its docket.[2] Under rule 165a(1), a trial court may dismiss a case for want of prosecution on the failure of a party seeking affirmative relief to appear for a hearing or trial if the party had notice that dismissal could result from the party's failure to appear.[3] A trial court may dismiss under its inherent power when a plaintiff fails to prosecute his or her case with due diligence.[4]

---

[1] *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) ("By proceeding to trial without issuing the bench warrant, it is clear that the trial court implicitly denied [the inmate's] request [for a bench warrant].").

[2] Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.).

[3] Tex. R. Civ. P. 165a(1).

[4] *Villarreal*, 994 S.W.2d at 630; *Sellers*, 199 S.W.3d at 390–91.

3

We review a trial court's dismissal for want of prosecution and a trial court's denial of a bench warrant motion for an abuse of discretion.[5] To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.[6] Merely because a trial court may decide a matter within its discretion differently than an appellate court would in similar circumstances does not demonstrate an abuse of discretion.[7]

**Analysis**

**A.   Bench Warrant**

It is well established that litigants cannot be denied access to the courts simply because they are inmates.[8] However, an inmate does not have an absolute right to appear in person in every court proceeding.[9] The inmate's

---

[5] *Z.L.T.*, 124 S.W.3d at 165; *Sellers*, 199 S.W.3d at 390; *Smith v. McKee*, 145 S.W.3d 299, 302 (Tex. App.—Fort Worth 2004, no pet.).

[6] *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

[7] *Id*.

[8] *See Hudson v. Palmer*, 468 U.S. 517, 523, 104 S. Ct. 3194, 3198 (1984).

[9] *Z.L.T.*, 124 S.W.3d at 165.

4

right of access to the courts must be weighed against the protection of our correctional system's integrity.[10]

In *In re Z.L.T.*, the Supreme Court of Texas identified a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant, including:

- the cost and inconvenience of transporting the prisoner to the courtroom;

- the security risk the prisoner presents to the court and public;

- whether the prisoner's claims are substantial;

- whether the matter's resolution can reasonably be delayed until the prisoner's release;

- whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means;

- whether the prisoner's presence is important in judging his demeanor and credibility;

- whether the trial is to the court or a jury; and

- the prisoner's probability of success on the merits.[11]

The *Z.L.T.* court held that a litigant's status as an inmate does not alter the litigant's burden to identify with sufficient specificity the grounds for the ruling

---

[10] *Id.*

[11] *Id.* at 165–66 (citing cases).

sought.[12]  Accordingly, the trial court has no responsibility to independently inquire into the applicability of the factors listed above.[13]  Rather, the burden is on the inmate to establish his right to relief, and if the inmate fails to present sufficient information to the trial court for the trial court to evaluate the bench warrant request under the factors listed above, the trial court does not abuse its discretion in denying the request.[14]

Ringer's bench warrant motion contains no information by which the trial court could assess the necessity of his appearance at the pretrial hearing. Indeed, the motion does not even reference the factors identified in *Z.L.T.*  As in *Z.L.T.*, the only information in the motion pertinent to Ringer's request for a bench warrant is that he is incarcerated in Amarillo, over 300 miles from Tarrant County.[15]  Because Ringer failed to meet his burden to prove his entitlement to a bench warrant, we cannot say the trial court abused its discretion in implicitly denying Ringer's request for a bench warrant.[16]

---

[12] *Id*. at 166; *see* Tex. R. Civ. P. 21; Tex. R. App. P. 33.1(a)(1)(A).

[13] *Z.L.T.*, 124 S.W.3d at 166.

[14] *Id.*

[15] *See id.* (noting that only relevant information in bench warrant motion was that prisoner was incarcerated "more than 200 miles from the trial court").

[16] *See id.*

**B.     Alternative Means – Video Conference**

Ringer also asked for the alternative relief of appearing at the pretrial hearing by video conference.  We held in *In re D.D.J.* that a trial court abuses its discretion when it "fail[s] to consider [an inmate's] request to participate at trial by alternative means."[17]  This decision is grounded in "[t]he right of a prisoner to have access to the courts[,] [which] entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party."[18]  We concluded that, while the trial court did not abuse its discretion in denying the bench warrant request, it "should have considered [but did not consider] permitting [the inmate] to proceed by other effective means, such as the telephone conference he had expressly requested in his motion."[19]

Here, unlike the inmate's alternative request in *D.D.J.*, the trial court implicitly considered and denied Ringer's request to appear by alternative

---

[17] *In re D.D.J.*, 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004, no pet.).

[18] *Id.* (quoting *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved in part on other grounds*, *Z.L.T.*, 124 S.W.3d at 166)).

[19] *Id.* at 314; *see also In re R.C.R.*, 230 S.W.3d 423, 426–27 (Tex. App.—Fort Worth 2007, no pet.).

means.[20]  Accordingly, we turn to the question of whether the trial court abused its discretion in denying the video conference request.

In determining whether the trial court abused its discretion in denying Ringer's video conference request, we apply the factors listed in *Z.L.T.* for bench warrant requests.[21]  We see no meaningful distinction between an inmate's request to appear in person and an inmate's request to appear by video conference, particularly when, as here, there is no evidence that the inmate has access to video conferencing capabilities within the prison facility in which he is incarcerated.  In such cases, an inmate's request to appear by a video conference that would require transporting the inmate off prison grounds implicates the same *Z.L.T.* factors regarding the protection of our correctional system's integrity as an inmate's request for a bench warrant. Accordingly, an inmate who seeks to appear by video conference has the burden to demonstrate under the factors listed in *Z.L.T.* why he should be

---

[20] *See D.D.J.*, 136 S.W.3d at 313 ("[T]he trial court twice expressly denied [the inmate's] motion for a bench warrant.  In both instances, the court did not reference or expressly rule on his request to participate by alternative means.").

[21] *See Z.L.T.*, 124 S.W.3d at 165.

permitted to appear by video conference, and the trial court has no independent duty to evaluate such a request.[22]

Ringer's motion is completely silent as to why he should be entitled to appear by video conference. Ringer failed both in the trial court and in this court to explain "what his testimony would establish, why his testimony would be helpful to his case, or how he was harmed by not being allowed to 'give testimony' either by personally appearing in court or by [video conference]."[23] Nor did Ringer request that the trial court permit him to appear by some other alternative means such as through a telephone conference, by deposition, or by

---

[22] *See id.* at 166; *see also Graves v. Atkins*, No. 01-04-00423-CV, 2006 WL 3751612, at *3 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) ("To be entitled to appear in person or through video communications technology, . . . the burden rests squarely on the prisoner-inmate to request access to the court through these alternate means and to demonstrate why a trial court should authorize them.").

[23] *McCarroll v. Tex. Dep't of Public Safety*, 86 S.W.3d 376, 379–80 (Tex. App.—Fort Worth 2002, no pet.); *see also In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.) (noting that "[inmate] has not demonstrated why [alternative] means would not have been effective, or how he has been prevented from presenting his case to the trial court").

9

affidavit.[24]    We, therefore, conclude that the trial court did not abuse its discretion in implicitly denying Ringer's motion to appear by video conference.[25]

## Conclusion

The trial court did not abuse its discretion in implicitly denying Ringer's motion for a bench warrant or, alternatively, to appear by video conference. Accordingly, the trial court's order dismissing for want of prosecution is affirmed.

JOHN CAYCE
CHIEF JUSTICE

PANEL:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED:  December 4, 2008

---

[24] *B.R.G.*, 48 S.W.3d at 820; *see also Graves*, 2006 WL 3751612, at *3 (noting that inmate failed to move for reinstatement after dismissal of inmate's case for failure to appear).

[25] We express no opinion on the inmate's burden or the trial court's obligations when an inmate seeks to appear by other alternative means, such as by telephone conference, affidavit, or deposition.