

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-391-CV

IN THE INTEREST OF J.R.O.,
JR., A CHILD

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After Appellant J.R.O., Sr. (Father) failed to appear at the hearing in the underlying suit affecting the parent-child relationship, the trial court entered a default judgment appointing V.A.R. (Mother) managing conservator and Father possessory conservator and ordering, among other things, that Father have no visitation with J.R.O., Jr. and that Father pay Mother $202 a month in child support beginning the second month after his release from prison. The trial court further ordered Father to pay $55 a month for medical support of the

---

[1] *See* Tex. R. App. P. 47.4.

child and $75 a month in retroactive child support, also beginning the second month after his release from prison.

In four points, Father, acting pro se, contends that the trial court committed reversible error by entering the default judgment. We affirm.

The attorney general's office filed this suit, asking the trial court to appoint conservators and order child support. Father, acting pro se, filed an answer and an amended answer. In a letter filed with the court, Father, who was incarcerated, acknowledged that he had received notice of the hearing date. He also noted that he had not received any verification that the trial court had filed his motion requesting the appointment of an attorney or his motion for issuance of a bench warrant. Neither of these motions appear in the appellate record. Father did not appear at the hearing.

We note that while Father mentions his motion for appointment of counsel and requests as relief a hearing thereon, none of his arguments pertain to appointment of counsel. We therefore overrule his points to the extent that he seeks relief regarding appointment of counsel.[2]

---

[2] _..._ _See_ Tex. R. App. P. 38.1(i); _Hall v. Stephenson_, 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied); _see also Fredonia State Bank v. Gen. Am. Life Ins. Co._, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

In Father's first point, he argues that the trial court erred by not considering his wish to attend the hearing when his letters brought the matter to the trial court's attention. In his second point, he argues that the trial court erred by failing to consider his motion for a bench warrant and failing to consider the factors in favor of his request to appear. In his third point, Father argues that the trial court erred by failing to allow him to appear at the hearing because he was not the plaintiff in the suit and did not initiate the litigation. He further argues that trial courts "need to articulate the factors that weigh both in favor and against issuing a bench warrant and if necessary make alternative arrangements for inmate[s] to present th[eir] side of dispute to the court." Finally, in his fourth point, Father argues that the trial court's actions harmed him.

Father stated in his letter to the trial court that he had not received verification that his motion for a bench warrant had been filed. And the motion does not appear in the appellate record, despite Father's designating for inclusion in the record all motions filed in the trial court. Thus, the record is devoid of any evidence that Father's motion was filed with the trial court.

But in his letter, Father did inform the trial court of his desire to be present at the hearing, and he requested that the trial court issue a bench warrant for that purpose. The trial court implicitly denied Father's request by

3

entering the postanswer default judgment.[3] We therefore consider whether the trial court abused its discretion by denying Father's request. We conclude that it did not.

Although an inmate may not be denied access to the courts simply because he is an inmate, the inmate does not have an absolute right to appear in person in every court proceeding.[4] Rather, "the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity."[5] In determining whether to grant an inmate's bench warrant motion, a trial court should consider a number of factors, including:

- the cost and inconvenience of transporting the prisoner to the courtroom;

- the security risk the prisoner presents to the court and public;

- whether the prisoner's claims are substantial;

- whether the matter's resolution can reasonably be delayed until the prisoner's release;

---

[3]... *See Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.) (holding that trial court implicitly denied inmate's bench warrant motion because the court dismissed the case for want of prosecution when the inmate did not appear for a pretrial hearing).

[4]... *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *Ringer*, 274 S.W.3d at 867.

[5]... *Z.L.T.*, 124 S.W.3d at 165.

- whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means;

- whether the prisoner's presence is important in judging his demeanor and credibility;

- whether the trial is to the court or a jury; and

- the prisoner's probability of success on the merits.[6]

Importantly, it is the inmate who bears the burden of identifying the grounds for the trial court to grant the bench warrant motion or request.[7] The trial court does not have a responsibility to independently inquire into whether the factors apply.[8] If an inmate "fails to present sufficient information to the trial court for the trial court to evaluate the bench warrant request" in light of the listed factors, the trial court does not abuse its discretion by denying the request.[9]

Here, the letter contains no discussion or information at all about the listed factors. Accordingly, the trial court did not abuse its discretion by denying Father's request based on that letter.[10]

---

[6]... *Ringer*, 274 S.W.3d at 868.

[7]... *Id.*

[8]... *Id.*

[9]... *Id.*

[10]... *See id.*

5

Father attached as an appendix to his brief a copy of a document that he claims to have filed with the trial court. This document is entitled "Motion for Issuance of Bench Warrant." In it, Father states that "[t]his suit cannot be fairly made without [him] being at the hearing to testify [on] his own behalf and to present evidence in defense of this suit." He argues in the motion that "this case is unlike that of an incarcerated plaintiff who chooses to file suit while in prison and whom the trial court does not permit . . . to attend the hearing." In the motion, Father cites to *Zuniga v. Zuniga*[11] and *Hudson v. Palmer*[12] and states that he "does meet the [s]tandard set in *Zuniga*, see also individuals who are incarcerated do not automatic[ally] lose their access to the courts as a result of their incarceration."

That motion is not part of the appellate record.[13] But in the interest of justice, we note that even if Father had properly filed the motion with the trial court, the trial court nevertheless would not have abused its discretion by

---

[11] 13 S.W.3d 798, 801 (Tex. App.—San Antonio 1999, no pet.), *overruled by Z.L.T.*, 124 S.W.3d at 166.

[12] 468 U.S. 517, 523, 104 S. Ct. 3194, 3198 (1984).

[13] *See* Tex. R. App. P. 34.1 (stating that appellate record consists of clerk's record and reporter's record); *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (stating that affidavits outside the record cannot be considered by appellate court for any purpose other than determining its own jurisdiction).

denying Father's request. The Supreme Court of Texas has rejected Father's contention that the analysis of whether the trial court ought to have granted a request for a bench warrant depends on whether the inmate is the plaintiff.[14] In *Z.L.T.*, the inmate sought a bench warrant as the respondent in a suit brought by the attorney general's office, and the court held that the inmate had the burden to establish grounds for the bench warrant he sought.[15] Here, Father's motion provides no discussion or assertion of any of the factors set out in *Z.L.T.* Thus, even if Father had filed this motion with the trial court, the trial court would not have abused its discretion by denying it.

Accordingly, we overrule Father's four points and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, LIVINGSTON, and GARDNER, JJ.

DELIVERED: September 24, 2009

---

[14] *See Z.L.T.*, 124 S.W.3d at 164, 166.

[15] *Id.*

7