COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-391-CV

 

 

IN THE
INTEREST OF J.R.O., 

JR., A CHILD

 

                                              ------------

 

           FROM THE 233RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








After Appellant J.R.O., Sr. (Father) failed to
appear at the hearing in the underlying suit affecting the parent-child
relationship, the trial court entered a default judgment appointing V.A.R.
(Mother) managing conservator and Father possessory conservator and ordering,
among other things, that Father have no visitation with J.R.O., Jr. and that
Father pay Mother $202 a month in child support beginning the second month
after his release from prison.  The trial
court further ordered Father to pay $55 a month for medical support of the
child and $75 a month in retroactive child support, also beginning the second
month after his release from prison.

In four points, Father, acting pro se, contends
that the trial court committed reversible error by entering the default
judgment.  We affirm.

The attorney general=s office
filed this suit, asking the trial court to appoint conservators and order child
support.  Father, acting pro se, filed an
answer and an amended answer.  In a letter
filed with the court, Father, who was incarcerated, acknowledged that he had
received notice of the hearing date.  He
also noted that he had not received any verification that the trial court had
filed his motion requesting the appointment of an attorney or his motion for
issuance of a bench warrant.  Neither of
these motions appear in the appellate record. 
Father did not appear at the hearing.

We note that while Father mentions his motion for
appointment of counsel and requests as relief a hearing thereon, none of his
arguments pertain to appointment of counsel. 
We therefore overrule his points to the extent that he seeks relief
regarding appointment of counsel.[2]








In Father=s first
point, he argues that the trial court erred by not considering his wish to
attend the hearing when his letters brought the matter to the trial court=s
attention.  In his second point, he
argues that the trial court erred by failing to consider his motion for a bench
warrant and failing to consider the factors in favor of his request to
appear.  In his third point, Father
argues that the trial court erred by failing to allow him to appear at the
hearing because he was not the plaintiff in the suit and did not initiate the
litigation.  He further argues that trial
courts Aneed to
articulate the factors that weigh both in favor and against issuing a bench
warrant and if necessary make alternative arrangements for inmate[s] to present
th[eir] side of dispute to the court.@  Finally, in his fourth point, Father argues
that the trial court=s actions harmed him.

Father stated in his letter to the trial court
that he had not received verification that his motion for a bench warrant had
been filed.  And the motion does not
appear in the appellate record, despite Father=s
designating for inclusion in the record all motions filed in the trial
court.  Thus, the record is devoid of any
evidence that Father=s motion was filed with the
trial court.








But in his letter, Father did inform the trial
court of his desire to be present at the hearing, and he requested that the
trial court issue a bench warrant for that purpose.  The trial court implicitly denied Father=s
request by entering the postanswer default judgment.[3]  We therefore consider whether the trial court
abused its discretion by denying Father=s
request.  We conclude that it did not.

Although an inmate may not be denied access to
the courts simply because he is an inmate, the inmate does not have an absolute
right to appear in person in every court proceeding.[4]  Rather, Athe
inmate=s right
of access to the courts must be weighed against the protection of our
correctional system=s integrity.@[5]  In determining whether to grant an inmate=s bench
warrant motion, a trial court should consider a number of factors, including:

$                  
the cost and inconvenience of transporting the prisoner to the
courtroom;

 

$                  
the security risk the prisoner presents to the court and public;

 

$                  
whether the prisoner=s claims are substantial;

 

$                  
whether the matter=s resolution can reasonably be delayed until the
prisoner=s release;

 








$                  
whether the prisoner can and will offer admissible, noncumulative
testimony that cannot be effectively presented by deposition, telephone, or
some other means;

 

$                  
whether the prisoner=s presence is important in judging his demeanor
and credibility;

 

$                  
whether the trial is to the court or a jury; and

 

$                  
the prisoner=s probability of success
on the merits.[6]

 

Importantly, it is the inmate who bears the burden of identifying the
grounds for the trial court to grant the bench warrant motion or request.[7]  The trial court does not have a
responsibility to independently inquire into whether the factors apply.[8]  If an inmate Afails to
present sufficient information to the trial court for the trial court to
evaluate the bench warrant request@ in
light of the listed factors, the trial court does not abuse its discretion by
denying the request.[9]

Here, the letter contains no discussion or
information at all about the listed factors. 
Accordingly, the trial court did not abuse its discretion by denying
Father=s
request based on that letter.[10]








Father attached as an appendix to his brief a
copy of a document that he claims to have filed with the trial court.  This document is entitled AMotion
for Issuance of Bench Warrant.@  In it, Father states that A[t]his
suit cannot be fairly made without [him] being at the hearing to testify [on]
his own behalf and to present evidence in defense of this suit.@  He argues in the motion that Athis
case is unlike that of an incarcerated plaintiff who chooses to file suit while
in prison and whom the trial court does not permit . . . to attend the hearing.@  In the motion, Father cites to Zuniga v.
Zuniga[11]
and Hudson v. Palmer[12]
and states that he Adoes meet the [s]tandard set in Zuniga,
see also individuals who are incarcerated do not automatic[ally] lose their
access to the courts as a result of their incarceration.@








That motion is not part of the appellate record.[13]  But in the interest of justice, we note that
even if Father had properly filed the motion with the trial court, the trial
court nevertheless would not have abused its discretion by denying Father=s
request.  The Supreme Court of Texas has
rejected Father=s contention that the analysis
of whether the trial court ought to have granted a request for a bench warrant
depends on whether the inmate is the plaintiff.[14]  In Z.L.T., the inmate sought a bench
warrant as the respondent in a suit brought by the attorney general=s
office, and the court held that the inmate had the burden to establish grounds
for the bench warrant he sought.[15]  Here, Father=s motion
provides no discussion or assertion of any of the factors set out in Z.L.T.  Thus, even if Father had filed this motion
with the trial court, the trial court would not have abused its discretion by
denying it.

Accordingly, we overrule Father=s four
points and affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  DAUPHINOT, LIVINGSTON, and GARDNER, JJ.

 

DELIVERED:  September 24, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 38.1(i);
Hall v. Stephenson, 919 S.W.2d 454, 467 (Tex. App.CFort Worth 1996, writ
denied); see also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881
S.W.2d 279, 284B85 (Tex. 1994)
(discussing Along-standing rule@ that point may be waived
due to inadequate briefing).





[3]See Ringer v. Kimball, 274 S.W.3d 865, 867
(Tex. App.CFort Worth 2008, no pet.)
(holding that trial court implicitly denied inmate=s bench warrant motion
because the court dismissed the case for want of prosecution when the inmate
did not appear for a pretrial hearing).





[4]In re Z.L.T., 124 S.W.3d 163, 165
(Tex. 2003); Ringer, 274 S.W.3d at 867.





[5]Z.L.T., 124 S.W.3d at 165.





[6]Ringer, 274 S.W.3d at 868.





[7]Id.





[8]Id.





[9]Id.





[10]See id.





[11]13 S.W.3d 798, 801 (Tex.
App.CSan Antonio 1999, no
pet.), overruled by Z.L.T., 124 S.W.3d at 166.





[12]468 U.S. 517, 523, 104 S.
Ct. 3194, 3198 (1984).





[13]See Tex. R. App. P. 34.1
(stating that appellate record consists of clerk=s record and reporter=s record); Sabine
Offshore Serv., Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex.
1979) (stating that affidavits outside the record cannot be considered by
appellate court for any purpose other than determining its own jurisdiction).





[14]See Z.L.T., 124
S.W.3d at 164, 166.





[15]Id.