

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00054-CV

_____

ROBERT DAUGHERTY, Appellant

V.

DIANNE SPRAGUE, Appellee

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 85954

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After being convicted and sentenced, Robert Daugherty sued his criminal-defense attorney, Dianne Sprague, alleging that she failed to communicate to him a plea offer from the State. Daugherty tried various ways to serve Sprague with process in the lawsuit, but nothing suggests that he ever succeeded. After the trial court denied Daugherty's motion for default judgment and dismissed his lawsuit for want of prosecution, he appealed. We affirm because (1) not notifying Daugherty of the denial of his motion for a default judgment did not deny him the later right to appeal that denial, (2) the record contains no evidence of any proper service of process, waiver of service, or appearance by Sprague, and (3) nothing demonstrates any abuse of discretion in denying Daugherty's bench-warrant requests.

*(1)*     *Not Notifying Daugherty of the Denial of his Motion for a Default Judgment Did Not Deny him the Later Right to Appeal that Denial*

Daugherty claims that the trial court's failure to notify him of the denial of his motion for default judgment caused structural error by restricting his right to appeal the trial court's ruling. "Ordinarily, the denial of a default judgment is an interlocutory order not subject to appeal." *S. Pioneer Prop. & Cas. Ins. Co. v. Wilson*, No. 01-17-00444-CV, 2018 WL 3384558, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2018)). However, it "is appealable after a final judgment or order, including an order dismissing a case for want of prosecution." *Id.* (citing *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). Because Daugherty's right to appeal the denial of his motion for default judgment is not lost, we overrule this point of error.

2

*(2)    The Record Contains No Evidence of any Proper Service of Process, Waiver of Service, or Appearance by Sprague*

Daugherty also argues that the trial court's finding that Sprague was never served demonstrated bias and violated various provisions of the Code of Judicial Conduct. Because the record failed to demonstrate proper service, we disagree. The Lamar County clerk issued a citation addressed to Sprague commanding her to timely file a written answer. The officer's return of citation averred that Sprague could not be served at the address included in the citation because she had "moved to Clarksville." Daugherty, who was proceeding *in forma pauperis*, filed a letter asking the trial court to research Sprague's address to effectuate service of process. The letter provided Sprague's last known address and State Bar of Texas attorney number. On January 19, 2017, the clerk issued a second citation to Sprague at an address in Clarksville. The officer's return on the second citation indicated that Sprague was not served because she "reside[d] in Lamar Co." On March 17, 2017, Daugherty filed a letter which claimed that Sprague was served with the lawsuit by regular and certified mail but failed to attach proof of service required by Rule 107 of the Texas Rules of Civil Procedure.[1] Daugherty provided an address for Sprague in Idabel, Oklahoma, in subsequent motions filed with the trial court. Although no proof of service was on file, Daugherty moved for default judgment against Sprague on March 1, 2018. The trial court denied the motion on March 7, without a hearing, after noting that Sprague had not been served.

---

[1]Daugherty mistakenly argues that the March 17 letter, which claimed that he mailed the petition to Sprague's last known address, was sufficient.

The denial of a motion for default judgment is reviewed for abuse of discretion. *Armenta v.. TDCJ*, No. 06-10-00016-CV, 2010 WL 3168397, at *6 (Tex. App.—Texarkana Aug. 12, 2010, no pet.) (mem. op.) (citing *Resurgence Fin., LLC v. Taylor*, 295 S.W.3d 429, 432 (Tex. App.—Dallas 2009, pet. denied)). To authorize a default judgment, the record must reflect, immediately before the default judgment, that the defendant has been properly served with citation, has waived service in writing, or has appeared. *Ranger Ready Mix*, *LLC v. Cintas Corp. No. 2*, No. 06-18-00035-CV, 2018 WL 4838233, at *2 (Tex. App.—Texarkana Oct. 5, 2018, no pet.) (mem. op.); *Bus. Staffing, Inc. v. Gonzalez*, 331 S.W.3d 791, 792 (Tex. App.—Eastland 2010, no pet.); *see Leonard Manor*, *Inc. v. Century Rehab. of Tex., L.L.C.*, No. 06-09-00036-CV, 2009 WL 2878016, at *1 (Tex. App.—Texarkana Sept. 10, 2009, pet. denied) (mem. op.). Because Sprague did not appear, did not waive service, and was not properly served, the trial court properly denied Daugherty's motion for default judgment.[2] We overrule this point of error.

*(3)     Nothing Demonstrates any Abuse of Discretion in Denying Daugherty's Bench-Warrant Requests*

Daugherty also asserts that he was deprived of his constitutional right to be heard when the trial court denied his motion for default judgment and later dismissed the case, both without granting his request for a bench warrant to ensure his in-person presence at the hearings. Daugherty had provided copies of a proposed bench warrant "[i]n the event the Court [felt] a need for a hearing" on the motion for default judgment, but the trial court did not hold a hearing on that

---

[2]Daugherty also complains that the trial court erred in failing to order discovery against Sprague. Our conclusion that the record failed to show proper service is dispositive of this complaint.

motion.[3] On May 8, 2018, the trial court issued a notice of intent to dismiss the case for want of prosecution and set the matter for a July 2 hearing date. The trial court denied Daugherty's request for a bench warrant to that hearing, and, on July 2, Daugherty's lawsuit was dismissed for want of prosecution.

"An inmate has a constitutional right to access to the civil trial courts." *Allen v. Rushing*, 129 S.W.3d 226, 229 (Tex. App.—Texarkana 2004, no pet.) (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)). "That right, however, is not completely unfettered." *Id.* "For example, an inmate does not have an absolute right to appear personally at all hearings associated with a civil suit." *Id.* (citing *Armstrong v. Randle*, 881 S.W.2d 53, 56 (Tex. App.—Texarkana 1994, writ denied)). "An inmate may file an application for writ of habeas corpus with the trial court, requesting it issue a bench warrant for the inmate's appearance at a particular hearing." *Id.* at 229–30 (citing *In re Z.L.T.*, 124 S.W.3d 163 (Tex. 2003)). In considering whether to grant an inmate's request to personally appear for a hearing, a trial court should consider the following factors:

- the cost and inconvenience of transporting the prisoner to the courtroom;

- the security risk the prisoner presents to the court and public;

- whether the prisoner's claims are substantial;

- whether the matter's resolution can reasonably be delayed until the prisoner's release;

- whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means;

---

[3]Because the record failed to demonstrate proper service on Sprague, the trial court was free to find that Daugherty was not entitled to default judgment without the need for a hearing.

- whether the prisoner's presence is important in judging his demeanor and credibility;

- whether the trial is to the court or a jury; and

- the prisoner's probability of success on the merits.

*Ringer v. Kimball*, 274 S.W.3d 865, 868 (Tex. App.—Fort Worth 2008, no pet.) (footnote omitted) (citing *Z.L.T.*, 124 S.W.3d at 165–66). "The *Z.L.T.* court held that a litigant's status as an inmate does not alter the litigant's burden to identify with sufficient specificity the grounds for the ruling sought." *Id.* (citing *Z.L.T.*, 124 S.W.3d at 166). "Accordingly, the trial court has no responsibility to independently inquire into the applicability of the factors listed above." *Id.* (citing *Z.L.T.*, 124 S.W.3d at 166). "Rather, the burden is on the inmate to establish his right to relief, and if the inmate fails to present sufficient information to the trial court for the trial court to evaluate the bench warrant request under the factors listed above, the trial court does not abuse its discretion in denying the request." *Id.* (citing *Z.L.T.*, 124 S.W.3d at 166).

Here, Daugherty's requests for bench warrants contain no information by which the trial court could assess the necessity of his appearance at either hearing. Indeed, the motions do not even reference the factors identified in *Z.L.T.* Because Daugherty failed to meet his burden to prove his entitlement to a bench warrant, we cannot say the trial court abused its discretion in implicitly denying his requests. *See Ringer*, 274 S.W.3d at 868; *Z.L.T.*, 124 S.W.3d at 166. We overrule his last point of error.[4]

---

[4]Daugherty does not separately argue that the trial court abused its discretion in dismissing the case for want of prosecution.

6

We affirm the trial court's judgment.


                                Josh R. Morriss, III
                                Chief Justice


Date Submitted:      December 20, 2018
Date Decided:        December 21, 2018