

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00287-CV

IN THE MATTER OF THE MARRIAGE OF MARCELINA NIYONZIMA
AND
DIEUDONNE KAZABUKEYE

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-632,827-18, Honorable William W. Harris, Presiding

February 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Dieudonne Kazabukeye (D.K.) appeals from a final divorce decree through which the trial court granted the divorce petition of Marcelina Niyonzima (M.N.), divided their community estate, ordered child support, assigned M.N. sole managing conservatorship over their children, and denied D.K. visitation to those children. Representing himself below and here, he contends that the trial court denied him his right of access to the court and to due process of law. We sustain the former and reverse.[1]

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

The appeal encompasses two proceedings, a suit affecting the parent-child relationship initiated by the State of Texas and a divorce initiated by M.N. Both actions eventually were consolidated under trial court cause number 233-632827-18.

D.K. was incarcerated when the consolidated proceeding ultimately came for trial on June 5, 2018. By then, he had filed a general denial to the divorce petition, requested that the trial court issue a bench warrant directing the sheriff to transport him to Tarrant County, moved for the appointment of counsel, moved to have a non-lawyer represent him as a proxy due to his (D.K.'s) status as an inmate, permit his appearance through telephonic means, and moved for a continuance of the trial until he was released from prison, which he estimated would be in about six months. So too did he request a jury trial.

The trial court denied the motions for a bench warrant, appointed counsel, and representation by proxy via an order dated May 18, 2018. That order said nothing about the pending request to communicate with the court telephonically or motion to continue. Nevertheless, the trial court convened trial on June 5, 2018, and found that "Respondent, DIEUDONNE KAZABUKEYE, though duly cited has **failed to appear and is wholly in default**". (Emphasis added). The latter finding was made despite D.K. having appeared via an answer and having sought opportunity to participate at trial. It also found that a jury was waived, despite D.K.'s written request for a jury trial.

Litigants cannot be denied access to the courts simply because they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *In re Marriage of Camp*, No. 07-11-00282-CV, 2012 Tex. App. LEXIS 6473, at *4 (Tex. App.—Amarillo Aug. 3, 2012, no pet.) (mem. op.); *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.). This does not mean an inmate has an absolute right to personally appear, for he does not.

2

*See Ringer*, 274 S.W.3d at 867. Rather, the right of access encompasses the opportunity to present evidence or contradict the evidence of an opposing party. *See In re Marriage of Camp*, 2012 Tex. App. LEXIS, at *5 (observing the right of a prisoner to have access to the court entails not so much his personal presence as it does the opportunity to present evidence or contradict the evidence of the opposing party). So, a prisoner who has requested but is denied a bench warrant to personally appear may be allowed access through alternative, yet effective, means such as affidavits, deposition, video conferencing, or telephone. *Id.* at *5–6; *accord In re D.D.J.*, 136 S.W.3d 305, 313–14 (Tex. App.—Fort Worth 2004, no pet.) (quoting *Lann v. La Salle Cty.*, No. 04-02-00005-CV, 2003 Tex. App. LEXIS 549 (Tex. App.—San Antonio Jan. 22, 2003, no pet.) (mem. op.) (stating that "'[s]hould the court find that the pro se . . . inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner ***should be allowed to proceed by affidavit, deposition, telephone, or other effective means***'")). Indeed, a trial court abuses its discretion when it fails to consider an inmate's request to participate at trial by alternative means. *Ringer*, 274 S.W.3d at 868 (quoting *In re D.D.J.*, 136 S.W.3d at 314).

Again, D.K. sought to participate in the disposition of the suit personally. He also proposed alternative means affording him opportunity to participate. Some were expressly denied him. Others, like his request to appear telephonically, were never addressed. And, even though he had appeared in the suit through a general denial and sought opportunity to participate in its disposition several times in several ways, he was deemed to "ha[ve] failed to appear and [be] wholly in default." That resulted in the trial court 1) conducting a bench trial (despite D.K.'s jury request), 2) adjudicating the claims involved, 3) dividing the marital estate of D.K. and M.N., 4) denying D.K. visitation, and

4) ordering D.K. to pay child support without affording D.K. opportunity to present evidence or examine witnesses.

D.K. had represented that he wanted to participate at the trial to present evidence of his care for, love of, and provision for his children. Though other documents filed of record, he had also represented his concern about the effects M.N.'s actions were having on the children; those actions included such matters as her denial of prescribed medications to the children, her purported engagement to another person, and her disposition of community assets (e.g., the home) in a manner detrimental to the children. At the very least, such matters could be relevant to the topic of conservatorship or M.N.'s waste of D.K.'s property interests in the community estate, assuming of course, they were established by admissible evidence. Yet, he was denied opportunity to address and develop those and any other relevant issues at trial upon his being denied opportunity to participate through means other than personal appearance. That constituted an abuse of the trial court's discretion and a denial of D.K.'s right to access the courts. *See In re D.D.J.*, 136 S.W.3d at 314 (wherein it was held that the trial court abused its discretion when it denied appellant's motion to personally appear and made no accommodation for appellant to participate effectively in the proceeding despite his request to appear telephonically). That denial resulted in harm, as that term is contemplated by Texas Rule of Appellate Procedure 44.1. Consequently, we reverse the final divorce decree and remand the cause to the trial court.

Brian Quinn
Chief Justice

4