

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00300-CV

———————————————————

IN THE INTEREST OF T.H., A CHILD

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV18-1783

---

Before Kerr, Gabriel, and Birdwell, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

R.H. (Father)—who is incarcerated and proceeding pro se—appeals from the trial court's June 2019 "Order Establishing the Parent–Child Relationship" between him and his son T.P.H. (Timothy).[1] In what we construe as three issues, Father asserts that the trial court erred by denying his requests for a court-appointed attorney, a bench warrant, and a jury trial. We will affirm.

### Background

In December 2018, the State, represented by the Office of the Attorney General, filed a petition to establish the parent–child relationship. At the time, Timothy lived with D.D. (Grandmother). The State asked the trial court to adjudicate Timothy's parentage, to appoint "appropriate conservators" for Timothy because Father and E.D. (Mother) were separated, and to order current and retroactive child, medical, and dental support.

In his answer, Father asked the trial court to appoint him counsel. Father also moved for a bench warrant. In February 2019, the trial court held a hearing at which Grandmother appeared but Mother and Father did not and signed an "Order Establishing the Parent–Child Relationship." Father appealed that order but his appeal was dismissed after the trial court granted a new trial. *See In re T.H.*, No. 01-19-

---

[1]To protect the child's privacy, we identify the parties by fictitious names. *See* Tex. Fam. Code Ann. § 109.002(d); *see also* Tex. R. App. P. 9.9(a)(3).

2

00271-CV, 2019 WL 2220118, at *1 (Tex. App.—Houston [1st Dist.] May 23, 2019, no pet.) (per curiam) (mem. op.).

Father renewed his requests for a court-appointed attorney and for a bench warrant. He also requested a jury trial.

In June 2019, the trial court held another hearing. Father appeared and participated telephonically, and Grandmother appeared in person; Mother did not appear. Following the hearing, the trial court signed an order finding that Father was Timothy's father; appointing Grandmother, Father, and Mother as Timothy's joint managing conservators; and designating Grandmother as the conservator with the exclusive right to determine Timothy's primary residence. No current or retroactive child, dental, and medical support was ordered. In its order, the trial court denied Father's bench-warrant motion and his request for a court-appointed attorney. Father has appealed.[2]

---

[2]Although Father did not request the reporter's record, the court reporter notified us that there was no reporter's record of the June 2019 hearing. *See* Tex. R. App. P. 34.6(b) (requiring appellant to request the reporter's record). But the trial court's order—which was signed by a visiting associate judge—states that "a record of the proceeding was . . . made by audio recording." *See* Tex. Fam. Code Ann. §§ 201.009(c), .102, .113. When proceedings are electronically recorded, the reporter's record "consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties to the appeal designate, and certified copies of the logs prepared by the court recorder under Rule 13.2." Tex. R. App. P. 34.6(a)(2). Because of the conflict between the trial court's order and the court reporter's statements to us, our clerks contacted the court reporter for clarification. According to the court reporter, the associate judge confirmed that no recording of the hearing was made. Father has raised no complaint

3

## Analysis

We construe briefs liberally. *See* Tex. R. App. P. 38.9. But a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and procedural rules. *Flores v. Office Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.). Father's three appellate complaints, as we understand them, are that the trial court erred by (1) denying his request for a court-appointed attorney, (2) denying his bench-warrant motion, and (3) denying his jury-trial request.

We begin with Father's first complaint. We review a trial court's failure to appoint trial counsel in a civil case for an abuse of discretion.[3] *See Gibson v. Tolbert*, 102 S.W.3d 710, 712–13 (Tex. 2003); *see also* Tex. Gov't Code Ann. § 24.016 ("A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause."). "A civil litigant has no general constitutional right to appointed counsel."[4] *Taylor v. Taylor*,

---

regarding the lack of a recording or that the recording has been lost or destroyed. *See* Tex. R. App. P. 34.6(f).

[3]A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if it acts arbitrarily or unreasonably. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

[4]Cases involving juvenile delinquency, termination of parental rights, and court-ordered mental-health services are exceptions to this general rule. *See* Tex. Fam. Code Ann. §§ 51.10, 107.013; Tex. Health & Safety Code Ann. § 574.003. None of the exceptions apply here.

No. 2-09-035-CV, 2009 WL 4913867, at *2 (Tex. App.—Fort Worth Dec. 17, 2009, pet. denied) (per curiam) (mem. op.). "[I]n some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). Whether exceptional circumstances warranting the appointment of counsel exist is determined on a case-by-case basis. *See Gibson*, 102 S.W.3d at 713.

Father argues that the trial court should have appointed him counsel because he lacks education, has "no legal or law experience," and "the court al[l]owed the Office of the Attorney General and a pack of attorneys to represent the P[e]titioner." These reasons, however, are insufficient to show that this case presents exceptional circumstances requiring the appointment of counsel. *See id.* (explaining that exceptional circumstances are "by definition rare and unusual"). And Father does not direct us to any evidence of exceptional circumstances that would have justified appointing counsel at trial. We thus conclude that the trial court did not abuse its discretion by failing to make such an appointment. *See Taylor*, 2009 WL 4913867, at *2 (reasoning that without proof of exceptional circumstances, the trial court did not abuse its discretion by refusing to appoint counsel in a civil proceeding). We overrule Father's first issue.

In his second complaint, Father argues that the trial court erred by denying his motion requesting a bench warrant. We review a trial court's refusal to grant an

5

inmate's bench-warrant request for an abuse of discretion. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Although an inmate cannot be denied access to the court simply because he is an inmate, he does not have an absolute right to appear in person in every court proceeding. *Id.*

The Texas Supreme Court has identified "a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant," including (1) the cost and inconvenience of transporting the inmate to the court; (2) the security risk the inmate presents to the court and the public; (3) whether the inmate's claims are substantial; (4) whether the matter's resolution can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and creditability; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits. *Id.* at 165–66. But it is not the trial court's responsibility to independently inquire into the applicability of these factors. *Id.* at 166. It is the inmate's burden to establish his right to relief, and "if the inmate fails to present sufficient information to the trial court for the trial court to evaluate the bench[-]warrant request under the factors listed above, the trial court does not abuse its discretion in denying the request." *Ringer v. Kimball*, 274 S.W.3d 865, 868 (Tex. App.—Fort Worth 2008, no pet.) (citing *Z.L.T.*, 124 S.W.3d at 166).

Taken together, Father's bench-warrant requests state—without elaboration—that he is incarcerated in the Eastland County Jail,[5] that the case's merits could not be determined without his presence, and that there was no other effective means for him to testify.[6] This information is insufficient for the trial court to evaluate the above factors. Because Father failed to prove his entitlement to a bench warrant, we cannot say the trial court abused its discretion, especially when the trial court allowed Father to appear and to participate in the hearing telephonically. *See In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.) (stating that "if a court determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means"). We thus overrule his second issue.

Finally, Father seems to imply that the trial court erred by denying his jury-trial request. While "[w]e are mindful of the difficulties that pro se litigants face," we

---

[5]Father was transferred among county jails in Eastland, Hood, and Parker counties during the course of this case. In his last bench-warrant motion, he stated that he was in the Eastland County Jail.

[6]On appeal, Father complains that a bench warrant was necessary so that he "could bring documentation and prove that my child has[] been put into danger" and that there "was no way possible to show proof and documentation by attending court on a phone call." Because Father did not raise these complaints in his bench-warrant requests filed in the trial court, he has not preserved them for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g); *see also In re J.C.*, 594 S.W.3d 466, 473 (Tex. App.—Fort Worth 2019, no pet.) ("[T]he complaint a party raises on appeal must match the complaint the party presented to the trial court." (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997))).

cannot make Father's arguments for him. *Thiessen v. Fid. Bank*, No. 02-17-00321-CV, 2018 WL 5993316, at * 3 (Tex. App.—Fort Worth Nov. 15, 2018, pet. denied) (mem. op.); *see Baish v. Allen*, No. 02-17-00146-CV, 2019 WL 1284900, at *1 (Tex. App.—Fort Worth Mar. 21, 2019 no pet.) (mem. op.) ("Identifying and determining the number of issues [appellant] is presenting puts us in the precarious position of possibly over-advocating or under-advocating on his behalf when, as a neutral adjudicator, we should not be advocating for any party at all."); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) (noting that the appellant's brief was "so inadequate that we would have to make her legal arguments for her" and that pro se litigants are held to the same standards as licensed attorneys). To the extent Father has raised this issue, he offers no argument or authorities supporting it. *See* Tex. R. App. P. 38.1(i). He has thus waived his complaint, if any, regarding the lack of a jury trial. *See Allegiance Hillview, L.P. v. Range Tex. Prod., LLC*, 347 S.W.3d 855, 873 (Tex. App.—Fort Worth 2011, no pet.) ("An inadequately briefed issue may be waived on appeal."). We thus overrule this issue as inadequately briefed. *See id.*

### Conclusion

Having overruled Father's three issues, we affirm the trial court's order.

Per Curiam

Delivered:  October 1, 2020