

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00223-CV

_____

SHAWN M. ROBERTS, Appellant

V.

CRYSTAL J. ROBERTS, Appellee

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-647109-18

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Shawn Roberts appeals the trial court's dismissal for want of prosecution of his divorce petition against Appellee Crystal Roberts, who has not appeared in the case. We will reverse and remand.

## Background

Roberts, who is incarcerated, filed a pro se divorce petition and affidavit of indigency on August 28, 2018. His petition and accompanying transmittal letter to the trial-court clerk's office indicated that his wife would sign a waiver of service and sign the final divorce decree. Roberts's letter also stated that his mother would be acting as his agent "with full authority to sign, make decisions and or any other task that may have to be done to resolve the marriage." Roberts included his mother's address on the divorce petition along with his address in the Texas penal system and his inmate identification number. The clerk responded with a form letter stating, among other things, that it was Roberts's responsibility as petitioner to obtain and mail back a notarized waiver of service and to complete and return "the Information on Suit Affecting the Family Relationship (which is attached)."[1]

Although a September 10, 2018 letter from Roberts to the clerk is in the record and states that he was enclosing the completed Information on Suit Affecting the Family Relationship as requested, the completed form is not in the record. Roberts's

---

[1]The clerk's record does not contain this form.

2

letter also asked that the court allow his "agent" to act on his behalf "in all matters authorized under law in this case" and stated that a copy of a power of attorney was enclosed. No power of attorney is in the record, however. Roberts wrote that his "agent will be appearing before the bench and is authorized to make any and all decisions, signing for me on any document or other . . . [sic] If need be – (<u>necessary</u>) my appearance can be entered by phone at the final hearing in order to prove-up my case."

The next communication in the clerk's record[2] is a January 30, 2019 notice to Roberts that in accordance with Rule 165a, his case had been placed on a dismissal docket and "will be DISMISSED FOR WANT OF PROSECUTION on 03/19/2019 at 8:30 AM" unless good cause was shown for keeping the case on the docket or unless it had been tried or otherwise disposed of before then. *See* Tex. R. Civ. P. 165a. This notice warned:

> Failure to appear without excuse may result in dismissal of the case for want of prosecution or finalization of the matter. **Any subsequent filings after the dismissal notice has been submitted WILL NOT remove the case from the dismissal docket.** It will be necessary to contact the Court Coordinator if a case has subsequent filings OR <u>your case will be dismissed.</u> If a motion to retain is filed, as required by some courts, it must be filed and set for hearing prior to the dismissal date. Your immediate response is required if you desire to pursue this matter further.

---

[2]Roberts attached several documents to his appellate brief, but they are not in the clerk's record. To ensure that our record was complete, we asked the trial-court clerk to prepare a supplemental record, but the only item we received in response was Roberts's July 2019 request for preparation of the clerk's record.

The notice had a special warning at the bottom for pro se parties:

> This case has been on file for 60 or more days. It has neither been finalized, nor has a waiver been signed. There have been no citations issued on this case. If the case is ready to be finalized, you need to call the clerk at 817-884-1300 to schedule your court date. Failure to proceed before the dismissal date will result in the case being dismissed.

Roberts did not respond, but for reasons not apparent in the record, his case was not dismissed on March 19, 2019. On that date, the clerk sent a second, identical dismissal warning and set the case on its May 21, 2019 dismissal docket.

This time, Roberts responded. In a letter filed on May 2, 2019, he asked the court coordinator for all documents needed to serve his wife by "Publication on the Court House Door/or news paper [sic]." He also asked that the court coordinator "send the documents to me with the motion to the court to proceed by this process with the charges that I may have to pay. In addition, please consider that I am indigent but it is my desire to resolve this matter as soon as possible."

The clerk's office complied with Roberts's citation request on May 6, 2019, by issuing a citation to be served by publication. An officer's return confirming service in that manner was filed on May 15, 2019. Despite this, the trial court dismissed Roberts's case for want of prosecution six days later, on May 21, 2019. On May 22, the trial court sent Roberts a signed Judgment of Dismissal, and he timely appealed.

## Issues on Appeal

Roberts raises five issues on appeal, which we paraphrase:

4

1. The trial court erred by not ruling on Roberts's motions for service by mail or by publication, or on his request to appear by next friend under Texas Rule of Civil Procedure 44;

2. The trial-court clerk breached duties in connection with issuing citation;

3. The trial court erred by not allowing Roberts to appear in a manner other than in person, knowing that he is an indigent prisoner;

4. The trial court erred by dismissing his suit without a hearing; and

5. The trial court erred by not including all filings in the record, thus "leaving the record silenced."

We construe Roberts's fourth issue as complaining that the trial court abused its discretion by dismissing his case for want of prosecution.

## Discussion

We review a Rule 165a dismissal for want of prosecution for an abuse of discretion. *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.). To determine whether a trial court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Id.*

A court may dismiss a case for want of prosecution either under Rule 165a or under its common-law inherent authority. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004). Because the trial court's notice to Roberts specifically referred to Rule 165a, we will limit our analysis accordingly. *See Pollefeyt v. Tex. Health Res.*, No. 02-

19-00260-CV, 2020 WL 1888870, at *4 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.).

Rule 165a provides two scenarios under which dismissal is appropriate: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, or (2) when the case is not disposed of within the time standards promulgated by the Texas Supreme Court under its administrative rules. Tex. R. Civ. P. 165a(1), (2). The latter option does not apply here because the Supreme Court's administrative time standards run from an "appearance date." Tex. R. Jud. Admin. 6.1(a); *see Pollefeyt*, 2020 WL 1888870, at *4. Roberts's wife had not entered an appearance—indeed, the trial court dismissed Roberts's divorce petition well before her answer date following service by publication. *See* Tex. Fam. Code Ann. § 102.010 (requiring person served by publication to file answer by 10:00 a.m. on the first Monday after 20 days following service). We thus conclude that the trial court applied Rule 165a(1) to Roberts's case.

The March 19 notice that triggered the May 21 dismissal did not plainly require Roberts to appear at a hearing or trial. His case was "placed on a dismissal docket" for May 21 at 8:30 a.m. and would be dismissed for want of prosecution "unless there is good cause for the case to be maintained on the docket" or the case was disposed of by then. Although Roberts was cautioned in the next paragraph that "[f]ailure to appear without excuse may result in dismissal of the case," the connection between his duty to show good cause, generally, and to show good cause at 8:30 a.m. on May

6

21 by appearing in person is not apparent. Moreover, whether Roberts could avoid dismissal by filing a motion to retain was equally unclear: the notice said only that "some courts" require a motion to retain, but not that the 231st Judicial District Court required or would entertain such a motion. And the special note to pro se parties at the bottom of the notice can be plausibly read to suggest that asking for citation to be issued—which Roberts did, some twenty days before May 21—would suffice to avoid dismissal.[3]

Litigants "cannot be denied access to the courts simply because they are inmates." *Parnell v. Parnell*, No. 2-09-270-CV, 2010 WL 2331411, at *3 (Tex. App.—Fort Worth June 10, 2010, no pet.) (mem. op.) (quoting *Ringer*, 274 S.W.3d at 867). A trial court abuses its discretion by refusing to consider and rule on a prisoner's request to appear in a civil proceeding by some means other than personal appearance. *Id.* (citing *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.)); *see In re R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.) ("[I]f a court

---

[3]In his September 10, 2018 letter, Roberts had notified the trial court that either his "agent" could appear for him in court or he could participate by phone in a final prove-up hearing, which was unsurprising in light of his incarceration. Although he did not reiterate his request for a different form of appearance when responding to the March 2019 dismissal notice, he had done so at the case's inception. *Cf. Gamboa v. Alecio*, 604 S.W.3d 513, 515–16 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (reversing Rule 165a dismissal where pro se inmate had not asked for bench warrant but in affidavit attached to proposed final divorce decree had asked to appear, providing phone number for prison switchboard); *Boulden v. Boulden*, 133 S.W.3d 884, 887 (Tex. App.—Dallas 2004, no pet.) (reversing Rule 165a dismissal and noting that incarcerated husband had proposed alternative means of appearing such as appointment of attorney ad litem or conducting dismissal hearing by conference call).

7

determines that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other means.").

Even if Roberts's response to the March 19, 2019 dismissal notice did not expressly ask to participate in the May 21 hearing by telephone or by some other method, the trial court was aware of his inmate status from his earlier filings. The trial-court clerk complied with Roberts's request for issuance of citation by publication, yet his case was dismissed a mere six days after the officer's return was filed. And per the dismissal notice's instruction, Roberts's request was sent to the court coordinator rather than the clerk. ("It will be necessary to contact the Court Coordinator if a case has subsequent filings . . . ."). The dismissal notice told Roberts that his "immediate response" was required; that the case had been on file for more than 60 days but no citation had been issued; and that "[f]ailure to proceed before the dismissal date will result in the case being dismissed." Unlike in *Parnell*, in which the pro se inmate received a dismissal notice that "stated in larger font that a 'personal appearance is required to remove a case from this dismissal docket,'" the notice here had no such command. *Parnell*, 2010 WL 2331411, at *1. Under these limited and specific circumstances, it was not illogical for Roberts to assume that his prompt follow-up asking for citation by publication obviated any need to take further action.

Accordingly, we hold that the trial court abused its discretion by dismissing Roberts's case for want of prosecution. We sustain his fourth issue and will not

8

address his remaining issues because sustaining his fourth issue resolves this appeal. *See* Tex. R. App. P. 47.1.

## Conclusion

Having sustained Roberts's fourth issue, we reverse the trial court's judgment dismissing his case for want of prosecution, and we remand this case to the trial court for further proceedings.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: November 19, 2020