

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00224-CV

_____

IN RE LUKE ADAM STANTON SR.

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 20-6089-16

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

Appellant Luke Adam Stanton Sr. filed a petition to take the depositions of the assistant district attorney who prosecuted him in a prior criminal matter and his trial attorney who defended him in the same matter to investigate potential claims under Texas Rule of Civil Procedure 202. The trial court sent Stanton a dismissal-setting notice that specified the steps he needed to take or else the case would be dismissed. After Stanton failed to comply with the trial court's express requirements, the trial court dismissed his case for want of prosecution. Stanton now appeals raising four issues.

In his four issues, Stanton argues that

- the trial court erred by dismissing his Rule 202 suit for want of prosecution under Rule 165a;

- the trial court erred by failing to "consider and admit [his] discovery request of [a]ltered [v]ideo [f]ootage evidence and [c]riminal [t]rial [t]estimony, the [u]ltra [v]ires [c]laims of [c]ourt [o]fficials['] action[s], [and] the superior position of good cause for the case to be maintained on the docket";

- the trial court erred by not expressly ruling on his request for a bench warrant or, alternatively, failing to consider his request to appear via telephone or video conference; and

- the trial court's dismissal placed an unreasonable and arbitrary burden on his access to the courts.

With regard to Stanton's first two issues, we hold that the trial court did not err by dismissing the case for want of prosecution when Stanton did not follow the procedures outlined in the court's notice setting the case for dismissal. With regard to Stanton's third issue, we hold that he failed to carry his burden of proof to show that his appearance was necessary. And regarding his fourth issue, we hold that no hearing was required due to his failure to meet the prerequisites in the dismissal notice and that he failed to carry his burden on his constitutional challenge to Rule 165a. Accordingly, we affirm.

## II. Background

In August 2012 following a jury trial, Stanton was convicted of multiple counts of sexual crimes. Eight years later in August 2020, Stanton filed a petition under Rule 202 requesting to take the depositions of Michael Dickens (an Assistant District Attorney) and John Robert Moore (Stanton's trial counsel). Stanton sought Dickens's deposition to determine whether he had "committed fraud to the [c]ourt by intentionally submitting [w]itness[es'] perjured/false testimony[] and false [s]cientific

3

or tangible evidence, and documents pending before, during, and after" Stanton's criminal trial.

Dickens filed an answer in which he generally denied all allegations, raised affirmative defenses (governmental immunity and official immunity), and asserted a plea to the jurisdiction. Dickens also noted in his answer that Stanton's request to take Dickens's deposition was improper, arguing that it "is an improper recourse for a criminal defendant." Stanton filed a document titled "Reply/Objections" to Dickens's answer and plea to the jurisdiction.

Stanton filed a motion to recuse Judge Sherry Shipman, and ultimately, she voluntarily recused herself. The case was initially transferred from the 16th District Court to the 367th District Court; seven weeks later, the case was transferred to the 431st District Court (the trial court) as part of a reallocation of the district courts' caseloads.

While the case was still in the 16th District Court, Stanton filed a motion for discovery and for the hearing on his petition to be held telephonically or via video conference. After the case was transferred, Stanton filed a motion for an evidentiary hearing and discovery, arguing that Dickens was refusing to turn over the desired video footage data. The trial court sent a "Notice of Dismissal Setting," which set the case on the June 25, 2021 docket. The "Notice of Dismissal Setting" set forth the procedures for Stanton to follow if he wanted his case to be maintained on the docket:

THIS SETTING IS BEING MADE PURSUANT TO TIME STANDARDS FOR DISPOSITION OF CASES BY THE TEXAS SUPREME COURT AND THE DENTON COUNTY COURT RULES FOR DISTRICT COURTS

**THERE WILL BE NO CONTINUANCES OF THIS DISMISSAL SETTING!!!**

The above-referenced cause has been set on the [c]ourt's docket for dismissal on **June 25, 2021, at 3:00 PM,** at which time this cause will be **DISMISSED UNLESS**:

1) Any party seeking affirmative relief has effectuated **service of process** upon the opposing party(s).

<strong><u>AND</u></strong>

2) The attorneys and/or pro se parties **present an agreed** *"Scheduling Order and Discovery Control Plan"* for entry by the Court, *and:*

    a. they *must* contact the Court Administrator no later than 10 days prior to the dismissal setting to request a trial date and a pre-trial date (if applicable);

    b. the Order *must* contain completed deadlines and discovery limitations as indicated;

    c. the Order *must* include the client's signature if represented by counsel; and

    d. the Order *must* be submitted no later than 7 days prior to the dismissal setting.

<strong><u>OR</u></strong>

3) The attorneys and/or pro se parties **appear** at the dismissal setting **and present a proposed** *"Scheduling Order and Discovery Control Plan"* compliant with 2a.-c. above. At that time, the [c]ourt will hear any objections of any other attorney and/or pro se party to the proposed Order.

The [c]ourt will only accept the *"Scheduling Order and Discovery Control Plan"* posted on the [c]ourt's website: http://dentoncounty.com/dept/43lst-Forms/Scheduling-Order-and-Discovery-Control-Plan.pdf.

There will be ***NO CONTINUANCES*** of this dismissal setting!!!

After the trial court sent the dismissal-setting notice, Stanton filed various documents. He first filed an affidavit in support of his Rule 202 motion.[1] Stanton then sent a letter in which he acknowledged receiving the dismissal-setting notice and sought the court administrator's assistance in obtaining a case-summary report, a copy of the local rules, and a copy of the court's scheduling order and discovery control plan so that he could comply with the requirements to avoid dismissal.[2] Stanton noted in the letter that no order had been issued by the trial court for him to appear by telephonic means for the dismissal hearing or alternatively to appear by bench warrant. He concluded his letter by stating, "Your assistance in the matter above is greatly appreciated!" Stanton also filed a motion in opposition to the trial court's dismissal-setting notice, claiming that he could not meet the high burden that the trial court had placed on him in the dismissal-setting notice because it required attorneys and pro se parties to appear at the dismissal hearing and to present a proposed scheduling order and discovery control plan that is posted on only the court's website. Stanton further noted that the trial court had failed to issue an order for him to appear for the dismissal hearing by bench warrant or by telephonic means and that the court administrator had "neglected to respond and/or assist" him in receiving the documents that he had requested.

---

[1]It is likely that Stanton had not yet received the dismissal-setting notice when he mailed this motion.

[2]Stanton does not complain of this on appeal.

The trial court thereafter signed an order dismissing the case for want of prosecution. Stanton then filed a notice of appeal[3] and a motion for new trial. The trial court signed an order denying Stanton's motion for new trial. This appeal then proceeded.

### III.  Dismissal for Want of Prosecution Was Proper

Because Stanton's first three issues raise related arguments, we will address those issues together. In his first issue, Stanton argues that the trial court erred by misconstruing Rule 202 contrary to Rule 165a. Within his argument, Stanton does not explain how the trial court misconstrued Rule 202 contrary to Rule 165a, mentioning in his paragraph about Rule 165a only that "the U.S. Supreme Court reverses judgments when a [s]tate [r]ule of evidence conflicts with the [r]ight to present witnesses and evidence." In his second issue, Stanton argues that the trial court erred by failing to consider and admit his "discovery request of [a]ltered [v]ideo [f]ootage evidence and [c]riminal [t]rial [t]estimony, the [u]ltra [v]ires [c]laims of [c]ourt [o]fficials['] action[s], the superior position of good cause for the case to be maintained on the docket under . . . Rule 165a(1)." As for how he complied with the trial court's dismissal-setting notice, Stanton contends that because his motion for discovery was still pending and unruled on, that constituted good cause for continuing the case. But the majority of Stanton's arguments in his first and second issues focus

---

[3]On the docketing statement that Stanton submitted to this court, he listed only a single appellee—Michael Dickens. Moore did not file an appellee's brief.

7

on why he should have been permitted to conduct discovery (e.g., he argues that the public-records exception to the hearsay rule applies), not on what steps he took to avoid having his petition dismissed for want of prosecution.

In his third issue, Stanton argues that the trial court erred by not expressly ruling on his request for a bench warrant or, alternatively, by failing to consider other effective means of allowing him to participate in the hearing. The trial court impliedly denied Stanton's request for a bench warrant and was not required to allow Stanton to participate in person or via alternative means because Stanton failed to provide the information by which the trial court could assess the necessity of Stanton's appearance.

## A.    Rule 165a

A court may dismiss a case for want of prosecution either under Rule 165a or under its common-law inherent authority. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004). Under Rule 165a(1), a trial court may dismiss a case for want of prosecution on the failure of a party seeking affirmative relief to appear for any hearing or trial of which the party had notice that dismissal could result from the party's failure to appear. Tex. R. Civ. P. 165a(1). A trial court may dismiss under its inherent power when a plaintiff fails to prosecute his or her case with due diligence. *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.).

**B.     Standards of Review**

We review for an abuse of discretion a trial court's dismissal for want of prosecution and a trial court's denial of a bench-warrant request or a request to appear by alternate means. *Id.* at 867, 868. To determine whether a trial court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Id.* at 867. Merely because a trial court may decide a matter within its discretion differently than an appellate court would in similar circumstances does not demonstrate an abuse of discretion. *Id.*

As the San Antonio Court of Appeals has noted regarding dismissals for want of prosecution,

> If the order dismissing the case does not specify a reason for the dismissal, we will affirm if any proper ground supports the dismissal. The appellant bears the burden of presenting a record demonstrating that the trial court abused its discretion in dismissing the case. If the appellant fails to bring forth a record of the dismissal hearing, we indulge every presumption in favor of the trial court's findings and presume that the evidence before the trial court was adequate to support its decision.

*Delgadillo v. Bandera Auto Sales*, No. 04-19-00536-CV, 2020 WL 2858814, at *2 (Tex. App.—San Antonio June 3, 2020, no pet.) (mem. op.) (citations and quotation marks omitted).[4]

---

[4]The court reporter notified this court that no reporter's record was made of any hearing in the trial court.

9

## C.    Analysis

The dismissal-setting notice specifically required Stanton to effectuate service of process on the opposing parties (Dickens and Moore) and to either (1) present an agreed scheduling order and discovery control plan and request a trial date or (2) appear at the dismissal setting and present a proposed scheduling order and discovery control plan.   For purposes of our analysis, we assume that Stanton effectuated service of process on Dickens and Moore; thus, we focus on whether Stanton met at least one of the other two requirements that could have prevented his case from being dismissed.

### 1.    No Agreed Scheduling Order and Discovery Control Plan Presented

Here, Stanton does not argue that he presented the trial court with an agreed scheduling order and discovery control plan, and the record contains none.[5]   Stanton thus failed to comply with this requirement in the dismissal notice.   The dismissal notice stated that the alternative to providing an agreed scheduling order was to appear at the dismissal setting and to present a proposed scheduling order.   We therefore proceed to analyze whether Stanton met both parts of this alternative requirement.

---

[5]In a document titled "Plaintiff's Motion in Opposition to the Court's Notice of Dismissal Setting [4/29/2021]," Stanton objected on the ground that it was impossible to get an agreed order because Dickens and the Denton County District Attorney's Office had refused for over ten years to turn over the allegedly altered video footage evidence as an "expected tactic to delay EXPOSITION, or HIDE, JUDICIAL MISCONDUCT."

## 2. No Appearance and No Proposed Scheduling Order and Discovery Control Plan

With regard to his failure to appear at trial, Stanton argues that the trial court erred by not expressly ruling on his request for a bench warrant and, alternatively, by failing to consider his request to appear via telephone or video conference. This is the crux of Stanton's argument on appeal, as he makes no mention of trying to fulfill the trial court's requirement of presenting a proposed scheduling order. Stanton's arguments regarding the trial court's failure to expressly rule or consider his request for alternate means to appear fail because the implicit denial of the bench-warrant request preserved the ruling for review; there is nothing to show that the alternate means were not considered; and for both, Stanton failed to show facts to establish the factors for why his appearance was necessary.

### a. Law on Bench-Warrant Requests

We have previously summarized the law on bench-warrant requests and the factors to consider:

> It is well established that litigants cannot be denied access to the courts simply because they are inmates. However, an inmate does not have an absolute right to appear in person in every court proceeding. The inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity.
>
> In *In re Z.L.T.*, the Supreme Court of Texas identified a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant, including:
>
> • the cost and inconvenience of transporting the prisoner to the courtroom;

11

• the security risk the prisoner presents to the court and public;

• whether the prisoner's claims are substantial;

• whether the matter's resolution can reasonably be delayed until the prisoner's release;

• whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means;

• whether the prisoner's presence is important in judging his demeanor and credibility;

• whether the trial is to the court or a jury; and

• the prisoner's probability of success on the merits.

[124 S.W.3d 163, 165–66 (Tex. 2003).]

The *Z.L.T.* court held that a litigant's status as an inmate does not alter the litigant's burden to identify with sufficient specificity the grounds for the ruling sought. Accordingly, the trial court has no responsibility to independently inquire into the applicability of the factors listed above. Rather, the burden is on the inmate to establish his right to relief, and if the inmate fails to present sufficient information to the trial court for the trial court to evaluate the bench[-]warrant request under the factors listed above, the trial court does not abuse its discretion [by] denying the request.

*Ringer*, 274 S.W.3d at 867–68 (footnotes omitted).

### b.     What the Record Shows

Stanton's petition requested a bench warrant or to be allowed to participate via telephone or video conferencing for a hearing on his petition. After Stanton received the dismissal-setting notice, he sent the trial court a letter in which he stated only that

"[n]o ORDER w[as] ISSUED by the [c]ourt to <u>appear</u> for the hearing by [t]elephonic [m]eans or alternatively to <u>appear</u> by [b]ench [w]arrant," but he did not mention the *Z.L.T.* factors or provide information related to them. The following month, Stanton filed a document titled "Plaintiff's Motion in Opposition to the Court's Notice of Dismissal Setting [4/29/2021]" in which he invoked his right to be present in the trial court for the hearing or, alternatively, to be allowed to appear by telephone or by video conference. Stanton's motion stated that his sole basis for requesting a bench warrant was "due to the fact that an OBJECTION cannot be made to something that cannot be seen nor can demeanor and credibility be seen by Stanton to articulate said investigation or determine - object to any impermiss[i]ble misconduct that could occur in [c]ourt, interfering with investigation." Stanton also asked the trial court "to set-up a hearing in accordance with Chapter 14 (§ 14.008) of the Civil Practice & Remed[ies] Code, and/or other applicable [s]tatutes authorizing the [c]ourt to do so" because "[c]ourts are required to accom[mo]date an incarcerated party to participate effectively in a [c]ourt proceeding." Stanton further stated that

> because the [c]ourt has not ISSUED an ORDER in accordance with Stanton's prisoner status, TDCJ-CID will not allow any Offender/Inmate to make his own arrangements to appear before the [c]ourt unless via [c]ourt ORDER. Thereby, Stanton RE[-]URGES the [c]ourt to set[]up a [t]elephonic or [v]ideo conference hearing or BENCH WARRANT by notifying TDCJ-CID Michael Unit.

13

### c. No Abuse of Discretion Shown by Trial Court's Implicitly Denying Bench-Warrant Request

Here, Stanton's third issue encompasses a challenge to the trial court's failure to expressly rule on his bench-warrant request. As the Texas Supreme Court stated in *Z.L.T.*,

> Under Rule 33.1(a)(2) of the Rules of Appellate Procedure, in order to present a complaint for appellate review, the record must reflect that the trial court "(A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule . . . and the complaining party objected to the refusal." In this case, the trial court proceeded to trial without ruling expressly on [appellant's] request for a bench warrant. Consistent with Rule 33.1(a)(2)'s language, we have previously recognized that an implicit ruling may be sufficient to present an issue for appellate review. *See Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex. 2002); *see also Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997); *Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 114 (Tex. 1984). By proceeding to trial without issuing the bench warrant, it is clear that the trial court implicitly denied [appellant's] request. Therefore, we review the ruling for abuse of discretion.

124 S.W.3d at 165. Just as in *Z.L.T.*, the trial court's implicit denial of Stanton's bench-warrant request is sufficient to present an issue for appellate review. We therefore proceed to review the ruling.

Stanton's bench-warrant request contains no information by which the trial court could assess the necessity of Stanton's appearance at the dismissal hearing. Stanton did not mention the *Z.L.T.* factors in his request, nor did he provide any factual information in the trial court or in his appellate brief showing why his interest in appearing outweighed the impact on the correctional system. He based his request on his need to be present to object (even though the dismissal hearing was not an

14

evidentiary hearing because he submitted no proposed scheduling order to which objections would be raised) and so that he could judge the credibility and demeanor of the witnesses (even though that is solely within the factfinder's province). Stanton thus failed to carry his burden to establish his right to a bench warrant. Because Stanton failed to meet his burden to prove his entitlement to a bench warrant, we cannot say that the trial court abused its discretion by implicitly denying Stanton's request for a bench warrant. *See id.*; *In re K.H.*, No. 02-19-00247-CV, 2019 WL 6248557, at *15 (Tex. App.—Fort Worth Nov. 22, 2019, no pet.) (mem. op.); *Ringer*, 274 S.W.3d at 868.

### d.    No Abuse of Discretion Shown by Trial Court's Implicitly Denying Participation by Alternate Means

Stanton contends in the remainder of his third issue that the trial court failed "to consider other effective means [for Stanton's] participation in [the] hearing." There is nothing in the record to reflect that the trial court failed to consider Stanton's alternative request to participate in the dismissal hearing by telephone or video conferencing. Instead, it appears that the trial court implicitly denied Stanton's request to participate in the hearing by alternative means. *Cf. Z.L.T.*, 124 S.W.3d at 165.

In determining whether the trial court abused its discretion by denying Stanton's request to participate by telephone or video conference, we apply the same factors applicable to a bench-warrant request. *See Delgadillo*, 2020 WL 2858814, at *3.

15

In the trial court and in his appellate brief, Stanton failed to address the *Z.L.T.* factors or argue how the specific facts in this case apply to those factors. Stanton merely states in his brief that the trial court erred by failing "to consider other effective means [for Stanton's] participation in [the] hearing" and notes that since the 2020 COVID-19 pandemic, most courts and TDCJ correctional facilities have been equipped with Zoom video conferencing for court access. Stanton further adds that he was unable to appear by alternate means because the trial court "failed to notify the TDCJ Facility where [he] was incarcerated." As noted above, the trial court had no independent duty to evaluate Stanton's request to participate by alternate means and had no duty to notify the facility or set up a telephonic or video conference for Stanton. *See id.*; *In re Caraway*, No. 2-05-359-CV, 2007 WL 1879768, at *3 (Tex. App.—Fort Worth June 28, 2007, no pet.) (mem. op.) (noting that we had not found any authority "stating that a court is *required to arrange* a telephonic conference for an incarcerated litigant or that the entire responsibility for arranging a telephonic appearance falls solely on the trial court").[6] Stanton thus failed to show how the trial

---

[6]Stanton cites *In re R.C.R.*, 230 S.W.3d 423, 426–27 (Tex. App.—Fort Worth 2007, no pet.), in which this court held that it was fundamentally unfair for the trial court to deny appellant's request for a bench warrant and his motion to appear by alternative means and then dismiss his case for want of prosecution. That opinion cites *Z.L.T.* for the proposition that an inmate does not automatically lose the right to access the courts by virtue of being incarcerated; but *R.C.R.* does not set forth or analyze the factors from *Z.L.T.* Additionally, Stanton puts the burden on the trial court to set up a telephone or video conference, but as shown above, the trial court does not have sole responsibility for that. Furthermore, Stanton was able to present his objections and arguments to the dismissal notice through his various filings.

16

court abused its discretion by denying his request to participate in the dismissal hearing via telephone or video conferencing.

> ### e. No Abuse of Discretion Shown by Trial Court's Dismissing When No Proposed Scheduling Order Presented

We have discussed the arguments that Stanton raises in his first three issues regarding the dismissal of his case for want of prosecution and the implicit denial of his request for a bench warrant or alternative means of participating in the dismissal hearing. Within these three issues, Stanton does not complain of his inability to procure a scheduling order form and makes no argument that he presented a proposed scheduling order, which was necessary if he was attempting to fulfill the alternative requirement in the dismissal notice that pertained to his appearance at the hearing. The trial court's dismissal order can thus also be upheld on this ground—Stanton's failure to present a proposed scheduling order.

### 3. Disposition of First Three Issues

We hold that the trial court was within its discretion to dismiss Stanton's case for failing to comply with the express requirements in the dismissal notice. We also hold that the trial court did not abuse its discretion by impliedly denying Stanton's request for a bench warrant or to participate by alternate means when he failed to

provide any facts for the trial court, or this court, to analyze the *Z.L.T.* factors. Accordingly, we overrule Stanton's first, second,[7] and third issues.

## IV. Trial Court's Dismissal Did Not Burden Stanton's Access to the Court

In his fourth issue, Stanton argues that the trial court's dismissal of his case for want of prosecution under Rule 165a placed an unreasonable and arbitrary burden on his access to the court and violated the Texas and United States Constitutions.[8] Stanton argues that he had the right to testify on his own behalf and the right to call witnesses; that the trial court denied him "the right to his day in [c]ourt"; and that the trial court arbitrarily denied him the right to be heard.

---

[7]As part of his second issue, Stanton states that this court should request a screenshot of the collected video footage recording the dates and times from the Denton County Law Enforcement Division related to case F-2011-1912-C to show that the dates and times on State's Exhibit 16 (a video) have been altered. Based on our disposition of this issue, we need not request that the record be supplemented. *See generally* Tex. R. App. P. 34.5(c)(1) (providing process for supplementation of record with any relevant item that has been omitted from the record). Moreover, in an order dated December 1, 2021, we denied Stanton's separately filed motion to supplement the appellate record.

[8]Stanton set forth his fourth issue in his brief as follows: "Whether a Pri[]soner's Right to Testify and Examine the Witnesses against him may be restricted by a State rule that involves the basis of Fraud, Common – Law Cause of Action?" He then explained in the first sentence following the statement of his fourth issue that he was arguing that the trial court abused its discretion by dismissing his petition under Rule 165a because it placed an unreasonable and arbitrary burden on his access to the court and violated the Texas and United States Constitutions.

18

Here, no reporter's record was made of any hearings held in the trial court, and the dismissal order does not state whether a hearing was conducted.[9] Even though the record does not affirmatively show that no hearing was held, a separate dismissal hearing is not always required. *See Alexander*, 134 S.W.3d at 852 (holding that separate hearing to adjudicate dismissal was not required when plaintiff did not comply with express requirements in dismissal notice); *see also Sepeda v. State*, No. 14-14-00443-CV, 2015 WL 4366220, at *3 (Tex. App.—Houston [14th Dist.] July 16, 2015, pet. denied) (mem. op.) (stating that "[a]ll that Rule 165a(1) requires is notice of intent to dismiss and of a date, time, and place for the hearing" and that the setting of appellant's case on the trial court's dismissal docket met these requirements). Because Stanton did not comply with the express requirements in the dismissal notice, a dismissal hearing was not required. *See id.*; *In re L.R.*, No. 02-19-00377-CV, 2020 WL 6788933, at *3 (Tex. App.—Fort Worth Nov. 19, 2020, no pet.) (mem. op.); *Douglas v. Am. Title Co.*, No. 14-08-00676-CV, 2009 WL 3851674, at *3 (Tex. App.—Houston [14th Dist.] Nov. 19, 2009, no pet.) (per curiam) (mem. op.).

Moreover, with regard to Stanton's open-courts challenge to Rule 165a, we note that the Amarillo Court of Appeals has previously addressed this issue:

---

[9]The dismissal order states in pertinent part,

On the 25th day of June 2021, the above styled and numbered cause having been reached on the [c]ourt's [d]ocket, and no appearance being made, it is the opinion of the [c]ourt that ALL causes of action filed and still pending in this case should be dismissed for want of prosecution.

19

We begin with [appellant's] open[-]courts argument. Here[,] she claims [that] Rule 165a unconstitutionally denies her access to court for presentation of her workers' compensation case because emanating from the rule is the impossible condition that her attorney must diligently pursue the trial judge to timely obtain a signed written order.

In relevant part, [Article] I, [Section] 13 of the Texas Constitution provides[,] ["]All courts shall be open, and every person for an injury done him, in his lands, goods, person[,] or reputation, shall have remedy by due course of law.["]

The Texas Supreme Court has determined that this provision includes at least three separate constitutional guarantees: (1) courts must actually be operating and available; (2) the legislature cannot impede access to the courts through unreasonable financial barriers; and (3) meaningful remedies must be afforded, "so that the legislature may not abrogate the right to assert a well-established common[-]law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Tex*[.] *Ass'n of Bus*[.] *v. Tex*[.] *Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993). [Appellant's] argument invokes the third guarantee.

A litigant challenging a statute on the third open[-]courts guarantee must satisfy two criteria:

> First, it must be shown that the litigant has a cognizable common[-]law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

*Lucas v. United States*, 757 S.W.2d 687, 690 (Tex. 1988)[] [(quoting *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983))].

The workers' compensation system is a product of statute and was unknown at common law. *See Lambert v. Affiliated Foods, Inc.*, 20 S.W.3d 1, 5 (Tex. App.—Amarillo 1999), *aff'd*, 44 S.W.3d 544 (Tex. 2001). Accordingly, [appellant] is unable to satisfy the first criteria of an open[-]courts claim. But even had she possessed a cognizable common law cause of action restricted by Rule 165a, her open[-]courts claim

20

could not withstand the balancing requirement of the second prong of the analysis.

> The supreme court adopted Rule 165a in 1973 to ameliorate the effect of a judge's dismissal of an action for neglect and non-action. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980). Rule 165a(3) provides a method of reinstatement for cases dismissed under the rule or by the inherent power of the court to control its docket. Tex. R. Civ. P. 165a(4). Taking advantage of this reinstatement mechanism, [appellant] was able to present her grounds for reinstatement by motion, evidence, and presentation at a hearing. Given the purpose of Rule 165a(3), its requirement of a written order of reinstatement signed within 105 days of dismissal does not create an unreasonable or arbitrary burden for a litigant availing herself of the rule's opportunity for reinstatement.

*Wallingford v. Trinity Universal Ins. Co.*, 253 S.W.3d 720, 727 (Tex. App.—Amarillo 2007, pet. denied).

Here, unlike the appellant in *Wallingford*, Stanton does not make clear which part of Rule 165a he claims violates the open-courts provision. Instead, his argument appears to be that Rule 165a generally violates the open-courts provision if an evidentiary hearing—at which he can testify, call witnesses, and cross-examine the opposing witnesses—is not held. When presenting a constitutional challenge, the burden of proof is on the party challenging constitutionality. *See Travelers Indem. Co. v. Fuller*, 892 S.W.2d 848, 850 (Tex. 1995). Because Rule 165a provides for a hearing to be held, Stanton has failed to meet his burden of proof showing that Rule 165a is unconstitutional on its face. Similarly, Stanton has failed to meet his burden of proof showing that Rule 165a is unconstitutional as applied to him because the dismissal-setting notice provided that the trial court would hold a hearing if (a) Stanton

appeared and (b) he presented a proposed scheduling order; Stanton failed to meet these prerequisites as discussed above. *Cf. Sepeda*, 2015 WL 4366220, at *5 (holding that trial court did not abuse its discretion by denying appellant the right to access the courts in light of appellant's failure to show that his presence was necessary at any hearing); *Ray v. Taylor*, No. 01-91-01074-CV, 1992 WL 296961, at *3 (Tex. App.—Houston [1st Dist.] Oct. 22, 1992, writ denied) (not designated for publication) (holding that because appellant did not use the opportunities made available to him to have his case heard, including failing to file a motion to reinstate, appellant could not complain on appeal that the trial court erred by "closing the courthouse doors to his suit"). Stanton has thus failed to carry his burden of proof on his constitutional challenges to Rule 165a.

Accordingly, we overrule Stanton's fourth issue.[10]

## V. Conclusion

Having overruled Stanton's four issues, we affirm the trial court's judgment dismissing his case for want of prosecution.

/s/ Dabney Bassel
Dabney Bassel
Justice

Delivered: March 10, 2022

---

[10]To the extent that Stanton's fourth issue re-urges the arguments raised in his third issue—that the trial court "should have allowed him to appear at the dismissal hearing so he could cross-examine his [trial attorney] and Appellee, ADA Michael Dickens, and present evidence of [f]raud"—we have already overruled such arguments and need not repeat that analysis here.